Stewart B. Hopps et al., Respondents, *v.* Claude Neon, Inc., Appellant.

First Department, December 17, 1952.

*Abraham Rotwein* for appellant.

*Isidor J. Kresel* of counsel (*Irving L. Weinberger* with him on the brief; *Kresel & Meyerson,* attorneys), for respondents.

CALLAHAN, J. This appeal concerns the dismissal of the first counterclaim set forth in defendant's answer.

Plaintiffs sue for the conversion of certain stock. The counterclaim alleges, in substance, that plaintiff Hopps was a director of defendant and of Pioneer Equitable Insurance Company, a wholly owned subsidiary of defendant, and that the said plaintiff breached his duty as a fiduciary of both defendant and its subsidiary in mulcting Pioneer of its assets, some of which were unlawfully paid to plaintiff Atlantic Brokerage Corporation, thereby injuring defendant by reducing the value of the Pioneer stock.

Special Term dismissed the counterclaim on the authority of *Niles* v. *New York Central & H. R. R. R. Co.* (176 N. Y. 119). It held, in effect, that the cause of action pleaded in the counterclaim is for injury to Pioneer and must be brought by Pioneer or a stockholder thereof derivatively. In our opinion, however, the present action is not for an injury to Pioneer, but an injury to defendant by Hopps as its fiduciary, his breach of duty to care for defendant's property causing damage to defendant in the devaluation of the stock of Pioneer.

The *Niles* case was an action brought by a minority stockholder of the New York and Northern Railroad Company against New York Central and Hudson River Railroad Company, the owner of the majority of Northern's stock, for despoiling Northern. The case was dismissed because the majority stockholder owed no fiduciary duty to the minority stockholder.

As to plaintiff Hopps we think that the counterclaim is valid under the principle enunciated in *General Rubber Co.* v. *Benedict* (215 N. Y. 18) and *Matter of Auditore* (249 N. Y. 335). These cases held that an agent or fiduciary is liable to his principal for despoiling a company in which the principal held stock, and the fact that he would also be liable to the company despoiled did not prevent a suit by the principal for diminution in the value of the stock.

There are some factual differences between the cases relied on and the present case, but we do not deem them essential differences. Here plaintiff was a director of Pioneer and of defendant. In the *General Rubber* case the defendant was only a director of the parent company, and not of the subsidiary. An examination of the majority opinion of the Court of Appeals in the *General Rubber* case would indicate, however, that while that fact was noted, it was not the basis for holding the defendant liable. He was held because he breached his duty to his principal to care for its property.

The *Auditore* case dealt with the wrongful acts of the administrator of an estate, who was also an officer and director of a corporation the stock of which was owned by the estate. He was held liable to the estate for despoiling the corporation, although the corporation had previously obtained an uncollected judgment against him for misappropriation of its assets.

The fact that Pioneer may also have a cause of action against Hopps is no bar to the present counterclaim. The wrongs are separate and distinct. Both are actionable. Actual restoration to Pioneer of its assets might eliminate any damage to defendant, but we have no such situation presented.

The existence of creditors of Pioneer would not of itself preclude defendant from prosecuting this claim, but would be material to the extent they affected the value of Pioneer's stock. Pioneer's insolvency, in excess of amounts recoverable by Pioneer, might establish that no damage had been sustained.

Plaintiff Atlantic Brokerage Corporation stands in a different position than Hopps. As to Atlantic the counterclaim is insufficient. It owed no fiduciary duty to defendant and would not be liable if it caused defendant incidental damage. If it obtained any of Pioneer's property unlawfully, it would be liable only in an action brought by or on behalf of Pioneer.

Though Pioneer is not an essential party, defendant indicated on the argument that it would join Pioneer as a party, if plaintiffs consent.

The order appealed from should be modified by denying the motion to dismiss the first counterclaim as to plaintiff Hopps and, as so modified, affirmed, without costs.

PECK, P. J. (dissenting). I think it is not necessary to pass upon the debatable question presented on this appeal as to whether a cause of action by way of counterclaim could be maintained by the defendant against plaintiff Hopps arising out of his dual relationship with defendant and its subsidiary Pioneer Equitable Insurance Company. Defendant has stated in open court that it would join Pioneer as a party in this action if that company were made available to the jurisdiction of the court. The attorney for plaintiffs undertook to make Pioneer available. Pioneer thus can and should be brought into the action and the counterclaim can and should be asserted in its name. No question would then remain or need be decided respecting any rights which defendant might have in the absence of Pioneer. I would, therefore dismiss the appeal as academic. [See *post,* p. 678.]

Van Voorhis and Breitel, JJ., concur with Callahan, J.; Peck, P. J., dissents and votes to dismiss the appeal as academic, in opinion.

Order, so far as appealed from, modified by denying the motion to dismiss the first counterclaim as to the plaintiff Hopps and, as so modified, affirmed without costs.